COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                        SUPERIOR COURT DEPARTMENT
                                          DOCKET NO.

MICHAEL AUBIN, )
       Plaintiff, )
       )
v. ) COMPLAINT AND JURY DEMAND
       )
BROOKS RANGE CONTRACT )
SERVICES, INC., and )
PARAGON SYSTEMS, INC., )
       Defendants. )
       )

## PARTIES

1. The Plaintiff, Michael Aubin, is an individual who resides in Bellingham, Norfolk County, Massachusetts.

2. The Defendant, Brooks Range Contract Services, Inc., (hereinafter "Brooks Range") is a corporation organized under the laws of the State of Alaska, with a business office located at 1125 Sudbury Street, Boston, Suffolk County, Massachusetts.

3. The Defendant, Paragon Systems, Inc., (hereinafter "Paragon") is a corporation organized under the laws of the State of Alabama with a principal place of business in Herndon, Virginia.

4. At all relevant times Brooks Range was to provide efficient, effective, economical, and satisfactory operations, maintenance, and repair of equipment and systems located within the property line of the John F. Kennedy Federal Office Building.

5. At all relevant times Paragon was to provide security services at the John F. Kennedy Federal Office Building, which included inspecting said property for dangerous conditions.

## FACTS COMMON TO ALL COUNTS

6. On or about November 22, 2019, the Plaintiff exited the John F. Kennedy Federal Office Building (hereinafter "the JFK Building"), where he was employed by the U.S. Department of Justice.

7. On or about November 22, 2019, the sidewalks at the JFK Building were in disrepair, with crumbling concrete and uneven surfaces.

8. On or about November 22, 2019, there were no warning devices at the JFK Building advising people, lawfully on the property, of the dangerous sidewalk conditions.

9. When the Plaintiff was roughly fifteen feet from the front door, he felt the ground cave in under his feet, and as a result he fell forward and landed on the ground.

10. The Plaintiff was unable to get up on his own volition.

11. The Plaintiff was taken from the scene of his fall via Boston EMS to the Massachusetts General Hospital.

12. The Plaintiff suffered a quadriceps insertional tear requiring surgical repair.

## COUNT ONE
## Negligence v. Brooks Range Contract Services, Inc.

13. The Plaintiff repeats and realleges paragraphs one through twelve above as if fully stated herein.

14. The Defendant, Brooks Range, as an entity in charge of inspecting, maintaining and repairing, sidewalks at the JFK Building, owed a duty to the Plaintiff, and all other individuals lawfully on the premises, to maintain the property in a safe and reasonable manner.

15. The Defendant, Brooks Range, as an entity in charge of inspecting, maintaining and repairing, sidewalks at the JFK Building, owed a duty to the Plaintiff, and all other individuals lawfully on the premises, to warn of any dangerous conditions on the property.

16. The Defendant, Brooks Range, breached said duties on November 22, 2019, by:
    a. Allowing a dangerous condition to exist on the property; and
    b. Failing to warn of the dangerous condition on the property.

17. As a direct and proximate result of the Defendant, Brooks Range's, negligence, the Plaintiff was caused to suffer severe injuries to both body and mind.

WHEREFORE, the Plaintiff, Michael Aubin, demands judgment against the Defendant, Brooks Range Contract Services, Inc., jointly and severally with all other Defendants herein, in an amount the finder of fact deems meet and just, plus interest and costs as allowed by law.

## COUNT TWO
### Negligence v. Paragon Systems, Inc.

18. The Plaintiff repeats and realleges paragraphs one through seventeen above as if fully stated herein.

19. The Defendant, Paragon, as an entity in charge of providing security to the JFK Building, which included inspecting said property for dangerous conditions, owed a duty to the Plaintiff, and all other individuals lawfully on the premises, to maintain the property in a safe and reasonable manner.

20. The Defendant, Paragon, as an entity in charge of providing security to the JFK Building, which included inspecting said property for dangerous conditions owed a duty to the Plaintiff, and all other individuals lawfully on the premises, to warn of any dangerous conditions on the property.

21. The Defendant, Paragon, breached said duties on November 22, 2019, by:
    a. Allowing a dangerous condition to exist on the property; and
    b. Failing to warn of the dangerous condition on the property.

22. As a direct and proximate result of the Defendant, Paragon's, negligence, the Plaintiff was caused to suffer severe injuries to both body and mind.

WHEREFORE, the Plaintiff, Michael Aubin, demands judgment against the Defendant, Paragon Systems, Inc., jointly and severally with all other Defendants herein, in an amount the finder of fact deems meet and just, plus interest and costs as allowed by law.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
The Plaintiff, by his Attorney,

Michael J. Heineman, Esq.
BBO# 556841
Heinlein Beeler Mingace & Heineman, PC
276 Union Avenue
Framingham, MA 01702
Tel. (508) 626-8500
Fax: (508) 655-2700
MHeineman@HBMHlaw.com

Date: 3/28/22

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| | | COUNTY: Suffolk Superior Court (Boston) |

| Plaintiff: | Michael Aubin | Defendant: | Brooks Range Contract Services, Inc. |
|---|---|---|---|
| ADDRESS: | 3 Brittany Road, Bellingham, MA 02109 | ADDRESS: | 1125 Sudbury Street, Boston, MA 02203 |
| | | | |
| Plaintiff Attorney: | Michael J. Heineman | Defendant: | Paragon Systems, Inc. |
| ADDRESS: | 276 Union Avenue, Framingham, MA 01702 | ADDRESS: | 13900 Lincoln Park Drive, Suite 370 |
| | | | Herndon, VA 20171 |
| BBO: | 556841 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence/Personal Injury | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
  1. Total hospital expenses ........................................................... $31,667.69
  2. Total doctor expenses ............................................................. $5,043.31
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below) ..................................... $1,358.60
     EMS
                                                        Subtotal (1-5): $38,069.60
B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                                        TOTAL (A-F): $38,069.60

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Due to the Defendants' negligence the Plaintiff suffered a quadriceps insertional tear requiring surgical intervention

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_    Date: 3/28/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_    Date: 3/28/22

SC0001: 1/22/2021                www.mass.gov/courts               Date/Time Printed: 02-18-2022 09:31:08